**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| BRIAN ALLEN KIBBEY, #380340, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:21-CV-00799-SDJ- |
| v. | § | CAN |
| | § | |
| COLLIN COUNTY DETENTION | § | |
| FACILITY, ET AL., | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Plaintiff Brian Allen Kibbey's construed Motion for Default Judgment [Dkt. 69]. Having considered Plaintiff's request, and all other relevant pleadings, the Court recommends the construed Motion for Default Judgment [Dkt. 69] be **DENIED**.

**BACKGROUND**

On October 7, 2021, *pro se* Plaintiff Brian Allen Kibbey ("Plaintiff") initiated this lawsuit by filing his original complaint [Dkt. 1]. On January 21, 2022, Plaintiff filed an amended complaint [Dkt. 21], the live pleading in this matter, naming as Defendants Collin County Detention Facility, Officer FNU Keo, Officer FNU Munn, Lieutenant FNU Rodriguez, Officer FNU Burrs, Lt. FNU Smart, Officer FNU Hernandez, Lieutenant FNU Leahy, Officer FNU Alexander, Officer FNU Ray, Wellpath Care, Collin County District Clerk Lynne Finley, Collin County District Attorney Greg Willis, and Justin Wilson. The Court issued a show cause order on March 10, 2022, directing the Clerk of Court to issue process and deliver it to the United States Marshal for service, and further ordering Defendants to answer or otherwise respond to this action within thirty (30) days from the date of service of process [Dkt. 26]. Summons were issued on March 11, 2022 [Dkts. 27; 28; 29; 30; 31; 32; 33; 34; 35; 36; 37; 38; 39; 40]. On May 16, 2022,

summons were returned as executed for all Defendants [Dkts. 76; 77; 79; 80; 81; 82; 83; 84; 85; 86; 87; 88; 89],[1] except for Defendant FNU Keo, for whom summons was returned unexecuted [Dkt. 78].[2]  The deadline to answer or otherwise respond for those Defendants served with process on April 6, 2022, was May 6, 2022 [*See* Dkt. 26 at 1].

On April 15, 2022, Collin County Detention Facility filed its Motion to Dismiss [Dkt. 56]. On April 30, 2022, Collin County District Attorney Greg Willis filed his Motion to Dismiss [Dkt. 61], Collin County District Clerk Lynne Finley filed her Motion to Dismiss [Dkt. 62], and Defendants Officer Munn, Lieutenant Rodriguez, Officer Burrs, Lieutenant Leahy, Lieutenant Smart, Officer Hernandez, Officer Alexander, and Officer Ray filed their Motion to Dismiss [Dkt. 63].  On May 19, 2022, with leave of Court, Defendant Wellpath Care (correctly named Southwest Correctional Medical Group, PLLC) filed its Motion to Dismiss [Dkt. 95].  Each of these Motions to Dismiss remains pending before the Court.

On May 6, 2022, Plaintiff filed the instant construed Motion for Default Judgment [Dkt. 69].  Plaintiff's request for default judgment indicates, by way of a checkbox form, that "respondent" was served via personal service by an authorized person; the answer date has passed and no answer or other appearance has been made; the return will have been on file for at least 11 days before the default judgment; that a "nonmilitary affidavit" was filed on 4/12/22; a written certificate of the respondent's last-known address was filed on 1/5/22; and that all relief contained

---

[1] Defendant Justin Wilson was served on April 29, 2022 [Dkt. 89], and his deadline to answer or respond to this lawsuit was May 30, 2022.  The instant motion was filed prior to the answer deadline for Defendant Wilson.

[2] The Court notes that while summons was issued as to Defendant FNU Keo, no summons was ever returned as executed [*See* Dkt. 6.  Defendant Collin County Detention Facility filed a Notice of Defective Purported Service, averring the Collin County Sheriff's Office does not have any current employees by this name, and that "Officer Derek Keo, potentially who Plaintiff intended, left the employ of the Collin County Sheriff's Office" prior to the attempted service on file [Dkt. 65].  "[P]roper service of process must be proven prior to entering default."  *Schopp v. Results Nat'l LLC*, No. 416CV00890ALMKPJ, 2017 WL 6030081, at *2 (E.D. Tex. Nov. 15, 2017), *report and recommendation adopted*, No. 4:16-CV-890, 2017 WL 6026803 (E.D. Tex. Dec. 5, 2017) (citing FED. R. CIV. P. 55(a)).

in the proposed default judgment order is supported by the pleadings or will be supported by evidence admitted at the default trial [Dkt. 69 at 1].[3][4]  The proposed default judgment form, a fill-in-the-blank form, is incomplete; no information is provided on the form, including any information regarding clerk's entry of default or what sum certain Plaintiff seeks [Dkt. 69 at 4].

## LEGAL STANDARD AND ANALYSIS

Federal Rule of Civil Procedure 55 sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment.  Applying Rule 55, the Fifth Circuit has defined a three-step process for securing a default judgment.  *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First, there must be a default, which "occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules."  *Id.*; *accord* FED. R. CIV. P. 55(a).  Second, there must be an entry of default by the clerk, which occurs "when the default is established by affidavit or otherwise." *N.Y. Life Ins. Co.*, 84 F.3d at 141.  The Clerk cannot enter a default against a party who has filed an answer or other responsive pleading that satisfies the requirements of Rule 8(b).  Third, and only after entry of default, a "plaintiff may apply for a judgment based on such default."  *Id.*; *accord* FED. R. CIV. P. 55(b).

In this case, Plaintiff has neither requested that the Clerk enter default as to any Defendant, nor has the Clerk entered any such default on the docket.  Accordingly, the request for a default judgment is premature and should be denied without prejudice to refiling.  Further, Defendant Collin County Detention Facility, Collin County District Attorney Greg Willis, Collin County District Clerk Lynne Finley, Defendants Officer Munn, Lieutenant Rodriguez, Officer Burrs,

---

[3] Plaintiff's request also confusingly checks boxes related to defendants for whom service by "publication, posting, alternative service, or substituted service" applies [Dkt. 69 at 2-3].  No such service was effectuated in this cause.
[4] On May 6, 2022, Plaintiff also filed an "Affidavit of Declaration of Entry of Default by Non-Response" [Dkt. 67]. Such filing is not a request for the Clerk to enter default, and no default was so entered on the docket.

Lieutenant Leahy, Lieutenant Smart, Officer Hernandez, Officer Alexander, and Officer Ray, and Defendant Wellpath Care have all appeared by virtue of filing their respective Motions to Dismiss. It is well established that "[t]he filing of a motion to dismiss is normally considered to constitute an appearance." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 277 (5th Cir. 1989); *see Washington v. M. Hanna Const. Inc.*, 299 F. App'x 399, 400 (5th Cir. 2008); *Dunn v. Gen. Motors Acceptance Corp. Mortg., LLC*, No. A-10-CA-749-SS, 2011 WL 13324042, at *1 (W.D. Tex. Apr. 1, 2011) ("Under the Federal Rules of Civil Procedure, Defendant's Motion to Dismiss is a responsive pleading, filed before Plaintiff's motion for default judgment and thus Defendant is not in default and Plaintiff's Motion for Default Judgment is denied."). Because Defendant Collin County Detention Facility, Defendant Collin County District Attorney Greg Willis, Defendant Collin County District Clerk Lynne Finley, Defendants Officer Munn, Lieutenant Rodriguez, Officer Burrs, Lieutenant Leahy, Lieutenant Smart, Officer Hernandez, Officer Alexander, and Officer Ray, and Defendant Wellpath Care have each appeared in this case by filing the Motions to Dismiss – which were timely filed by the answer deadlines or with leave of Court – and have been actively defending the claims against them, any finding of default would inappropriate. *See Saldana-Fountain v. United States*, No. EP-15-CV-39-KC, 2016 WL 626573, at *5 (W.D. Tex. Feb. 16, 2016) (collecting cases addressing entry of default) ("[a] motion to dismiss constitutes defending an action within the meaning of [Rule 55(a)] even if the defendants have not filed answers to the complaint"). No default has occurred by any of these Defendants. *See Waltner v. Aurora Loan Servs., L.L.C.*, 551 F. App'x 741, 744 (5th Cir. 2013) (finding plaintiffs "were not entitled to an entry of default or default judgment against [defendants] because those defendants had filed motions to dismiss prior to the entry of any default judgment, and thus were not in default"); *Walker v. Houston Hous. Auth.*, No. CV H-19-2736, 2020 WL 1855196, at

*5 (S.D. Tex. Mar. 24, 2020) (where defendants filed motions to dismiss, they "did not fail to plead or otherwise defend this action; or, in other words, they did not default. Neither the entry of default nor default judgment is warranted."), *report and recommendation adopted*, No. CV H-19-2736, 2020 WL 1848056 (S.D. Tex. Apr. 13, 2020); *see also Song v. Deeds*, 947 F.2d 951 (9th Cir. 1991) (citing 6 MOORE'S FEDERAL PRACTICE § 55.02(3)) ("A motion to dismiss constitutes defending an action within the meaning of [Rule 55] even if the defendants have not filed answers to the complaint.  Thus, a court may not properly enter default against such defendants."). Accordingly, the undersigned recommends that Plaintiff's construed Motion for Default Judgment [Dkt. 69] be denied for this further reason.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Plaintiff Brian Allen Kibbey's construed Motion for Default Judgment [Dkt. 69] be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile*

*Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 25th day of January, 2023.**

_____

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE