IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN ALLEN KIBBEY, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:21-CV-799-SDJ-CAN |
| v. | § § | |
| COLLIN COUNTY DETENTION FACILITY, ET AL., | § § § § | |
| Defendants. | § § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Defendant Collin County Detention Facility's Motion to Dismiss [Dkt. 56]. After reviewing the Motion to Dismiss, and all other relevant filings, the Court recommends the Motion to Dismiss be **GRANTED**, and further recommends Plaintiff's claims against Collin County Detention Facility be **DISMISSED**, as set forth herein.

**BACKGROUND**

On October 7, 2021, *pro se* Plaintiff Brian Allen Kibbey ("Plaintiff") initiated this suit with the filing of a Complaint [Dkt. 1]. Subsequently, Plaintiff filed four amended complaints [Dkts. 8; 10; 12; 21]. Plaintiff's Fourth Amended Complaint, filed on January 21, 2022, remains the live pleading [Dkt. 21]. The Fourth Amended Complaint names as a Defendant "Collin County Detention Facility" ("CCDF") [Dkt. 21 at 1]. Plaintiff pleads that CCDF "has ignored commercial lien UCC # 1107878180002," put his life in danger by housing him with possible COVID-19 patients, pursued a campaign of harassment against him, and failed to address a threatened rape by another inmate [Dkt. 21 at 5, 7]. On March 10, 2022, the Court entered a Show Cause Order, directing CCDF to answer or otherwise respond to Plaintiff's live pleading [Dkt. 26].

**MOTION TO DISMISS**

On April 15, 2022, Defendant Collin County Detention Facility filed the instant Motion to Dismiss [Dkt. 56]. CCDF argues, under Rule 12(b)(6),[1] that its' Motion presents "a narrow issue of law [] simply whether the Collin County Detention Center has jural existence and can be a proper party to this action" [Dkt. 56 at 2]. CCDF urges the answer to this question "is a resounding 'no', necessitating dismissal" [Dkt. 56 at 2]. On May 6, 2022, Plaintiff filed a construed Response to the Motion, wherein he argues that he intended to name the Collin County Detention Center, not Facility, and that the Collin County Detention Center has been "passed down" its "jural authority" by the State of Texas [Dkt. 72]. On May 13, 2022, Defendant filed a Reply, advancing that even given the most deferential reading Plaintiff's Response does not overcome the CCDF's lack of jural existence [Dkt. 75].

Under the Federal Rules of Civil Procedure, a party in a lawsuit must have the capacity to be sued. FED. R. CIV. P. 17(b). "The capacity of an entity to be sued is 'determined by the law of the state in which the district court is held.'" *Hutchinson v. Box*, No. 4:10-CV-240, 2010 WL 5830499, at *1 (E.D. Tex. Aug. 20, 2010) (quoting FED. R. CIV. P. 17(b)), *report and recommendation adopted*, No. 4:10-CV-240, 2011 WL 839864 (E.D. Tex. Feb. 17, 2011). An agency or department of a state may not be sued unless it "enjoy[s] a separate legal existence."

---

[1] Defendants seek relief under Rule 12(b)(6). A 12(b)(6) motion is the proper mechanism for dismissal of an action against a nonjural entity. FED. R. CIV. P. 12(b)(6); *see Evans v. Reeves Cnty. Det. Ctr.*, No. P-09-CV-50, 2010 WL 11601267, at *1 (W.D. Tex. Apr. 27, 2010) ("The proper vehicle for the instant Motion to Dismiss [on the basis of nonjural entity] is Rule 12(b)(6)."); *Bowling v. Clerk of Ct., Fifth Dist. Ct. of App.*, No. 4:18-CV-610-ALM-CAN, 2019 WL 2526533, at *5 (E.D. Tex. Mar. 8, 2019) (finding Rule 12(6)(6) the proper vehicle for a motion to dismiss based upon claims against a nonjural entity), *report and recommendation adopted sub nom. Bowling v. Dahlheimer*, No. 4:18-CV-610, 2019 WL 3712025 (E.D. Tex. Aug. 7, 2019), *reconsideration denied*, No. 4:18-CV-610, 2020 WL 5096569 (E.D. Tex. Aug. 28, 2020). Dismissal with prejudice is appropriate when dismissing claims against a nonjural entity. *See Fuller v. Henderson Cnty.*, No. 6:16CV1301, 2018 WL 4087559, at *2 (E.D. Tex. Aug. 6, 2018) (dismissing with prejudice plaintiff's claims against a non-jural entity), *report and recommendation adopted*, No. 6:16CV1301, 2018 WL 4053779 (E.D. Tex. Aug. 24, 2018); *Cortes v. Havens*, No. 3:14-CV-1044-B, 2014 WL 6861245, at *7 (N.D. Tex. Dec. 5, 2014) ("Because Rockwall County Sheriff's Office [a nonjural entity] is not amenable to suit, Plaintiffs' claims and request for punitive damages against the entity are without merit and are DISMISSED WITH PREJUDICE.").

*Hebrew v. Gonzalez*, No. 21-20585, 2022 WL 1316214, at *1 (5th Cir. May 3, 2022) (per curiam) (quoting *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)). "In *Darby*, the Fifth Circuit held that 'unless the true political entity has taken explicit steps to grant the servient agency with jural authority, the agency cannot engage in any litigation except in concert with the government itself.'" *Halton v. Duplantis*, No. 3:12-CV-4274-B-BH, 2013 WL 1148758, at *4 (N.D. Tex. Mar. 1, 2013) (quoting *Darby*, 939 F.2d at 313), *report and recommendation adopted*, No. 3:12-CV-4274-B, 2013 WL 1155436 (N.D. Tex. Mar. 20, 2013). Plaintiff has the burden of showing a state department has capacity to be sued; "if a plaintiff fails to allege or demonstrate that such defendant is a separate legal entity having jural authority, then claims against that entity should be dismissed as frivolous and for failing to state a claim." *Rhodes v. Lewisville Police Dep't*, 4:20-CV-00007-SDJ-CAN, 2020 WL 8513792, at *3 (E.D. Tex. Dec. 2, 2020), *report and recommendation adopted*, 4:20-CV-007-SDJ, 2021 WL 515398 (E.D. Tex. Feb. 11, 2021).

Plaintiff has not alleged that CCDF has been granted the power to sue or be sued by Collin County. Rather, Plaintiff seemingly relies on his own interpretation and application of legal definitions of "jural," and the fact that CCDF exists and has Collin County employees working in it to assert that jural existence has been passed down to CCDF [Dkt. 72 at 1-3]. Plaintiff's arguments are not supported by relevant authority. Whether named the Collin County Detention Center or Collin County Detention Facility, the CCDF does not have a separate legal existence. The Eastern District of Texas and other federal courts in Texas have repeatedly and consistently held that a county's jail or detention facility is a nonjural entity that is not amenable to suit.[2]

---

[2] *See, e.g.*, *White v. Ermatinger*, No. 3:21-CV-3037-D-BN, 2021 WL 6339266, at *2 (N.D. Tex. Dec. 9, 2021) ("this Court has previously held that the Ellis County Jail is not a jural entity."), *report and recommendation adopted*, No. 3:21-CV-3037-D, 2022 WL 94171 (N.D. Tex. Jan. 10, 2022); *Hatton v. Harris Cnty. Jail*, No. CV H-18-1948, 2019 WL 1858826, at *2 (S.D. Tex. Apr. 25, 2019) ("the Harris County Jail because it is not a separate legal entity from Harris County and therefore it lacks the legal capacity to be sued"); *West v. Lew Sterrett Just. Ctr. of Dallas Cnty.*,

This Court has, in turn, applied this principle to CCDF in numerous prior cases, finding CCDF subject to dismissal due to its lack of jural existence. *See Marr v. Collin Cnty. Det. Ctr.*, No. 4:20-CV-273-RAS-KPJ, 2021 WL 4166945, at *3 (E.D. Tex. July 19, 2021) (collecting cases) ("As this Court has repeatedly held, the [Collin County] Detention Center is a non-jural entity."), *report and recommendation adopted*, No. 4:20-CV-273-RAS-KPJ, 2021 WL 4148954 (E.D. Tex. Sept. 11, 2021).[3] Accordingly, Plaintiff's claims must be dismissed with prejudice for failure to state a claim because CCDF is a nonjural entity with no capacity to be sued.[4]

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendant Collin County Detention Facility's Motion to Dismiss [Dkt. 56] be **GRANTED**, and Plaintiff's claims against Defendant be **DISMISSED WITH PREJUDICE** as set forth herein.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate

---

No. 1:15-CV-219-SS, 2015 WL 1651539, at *3 (W.D. Tex. Apr. 14, 2015) ("Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit-and specifically that the Lew Sterrett Justice Center is not a jural entity subject to suit").

[3] Defendant's Motion cites more than a dozen opinions issued by the Eastern District of Texas for this well-established proposition [Dkt. 56 at 5-6]. *See e.g.*, *Charboneau v. Davis*, No. 4:13-CV-00678-ALM-CAN, 2017 WL 9250306, at *6 (E.D. Tex. Feb. 16, 2017) ("Plaintiff has not pleaded that Collin County has granted the County Department Defendants jural authority [] the Court recommends each and every of Plaintiff's claims against the [Sheriff's Office] should be dismissed for failure to state claim"), *report and recommendation adopted sub nom. Charboneau v. Box*, No. 4:13-CV-678, 2017 WL 1159765 (E.D. Tex. Mar. 29, 2017); *Smith v. Collin Cnty. Jail*, No. 4:11-cv-801 (E.D. Tex. June 6, 2012), ECF Nos. 37, 51 (dismissing Collin County Jail as not a separate legal entity subject to suit).

[4] "Typically, the Court should accord plaintiffs who name non-jural entities as defendants an opportunity to amend to name a defendant with the capacity to be sued before dismissal of the complaint." *West*, 2015 WL 1651539, at *3 n.4 (citing *Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir.1993)). However, leave to amend is not warranted where Plaintiff had notice that the party sued lacks jural existence but fails to move to amend or even respond to the Motion. *See Jackson v. Tarrant Cnty. Corr. Ctr.*, No. 4:21-CV-187-O, 2021 WL 4805083, at *4 (N.D. Tex. Sept. 8, 2021) ("Plaintiff has been given multiple opportunities to file responses to Defendants' motions to dismiss and/or file an amended complaint. The Defendants raised the non-jural entity issue in both motions to dismiss. Thus, Plaintiff was properly alerted of this issue"), *report and recommendation adopted*, No. 4:21-CV-00187-O, 2021 WL 4803800 (N.D. Tex. Oct. 14, 2021). In addition, "the time to file objections to these findings, conclusions, and recommendation" permits Plaintiff the "opportunity to explain how he would cure the deficiencies in his initial complaint and thus show the Court that his case should not be dismissed with prejudice at this time and that the Court should instead grant him leave to amend his claims." *Ermatinger*, 2021 WL 6339266, at *2 (citing *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam)).

judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 6th day of February, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE