# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN ALLEN KIBBEY, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:21-CV-799-SDJ-CAN |
| v. | § § | |
| COLLIN COUNTY DETENTION FACILITY, ET AL., | § § § § | |
| Defendants. | § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendants District Attorney Willis, District Clerk Finley, Officer Munn, Lieutenant Rodriguez, Officer Burrs, Lieutenant Leahy, Lieutenant Smart, Officer Hernandez, Officer Alexander, and Officer Ray's (collectively, "Defendants") Motion to Dismiss for Want of Prosecution for Plaintiff's Failure to Provide Current Mailing Address to Court [Dkt. 113]. Defendants move to dismiss *pro se* Plaintiff Brian Allen Kibbey's ("Plaintiff") claims under Federal Rule of Civil Procedure 41(b) for Plaintiff's failure to provide the Court with a current and correct address [Dkt. 113 at 2-3].

Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action for failure to prosecute or to comply with any order of the court. *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021); *Strobl v. Romo*, No. 417CV3ALMCAN, 2017 WL 3781178, at *1 (E.D. Tex. July 25, 2017), *report and recommendation adopted*, No. 4:17-CV-003, 2017 WL 3722063 (E.D. Tex. Aug. 29, 2017) (dismissing case under Rule 41 for failing to file an amended complaint and keep his address current). The exercise of the power to dismiss for failure to prosecute is committed to the sound discretion of the court, and appellate review is confined solely to whether

the court's discretion was abused. *Green v. Forney Eng'g Co.*, 589 F.2d 243, 247 (5th Cir. 1979); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).

Defendants filed their Motion to Dismiss on October 30, 2022 [Dkt. 113]. In their Motion, Defendants allege that the address on file with the Court for Plaintiff is no longer correct considering his release from the Collin County Detention Facility on September 15, 2022 [Dkt. 113 at 2]. Defendants cite in support Eastern District of Texas Local Rule CV-11 which requires a *pro se* litigant to keep the clerk advised in writing of his or her current physical address [Dkt. 113 at 2]. The day after the Motion to Dismiss was filed, on October 31, 2022, Plaintiff filed a notice of change of address, providing his current address [Dkt. 114]. Mail sent to Plaintiff's updated address has not been returned. As such, the Court recommends the instant dismissal request be denied; the underlying basis for such request is moot.[1]

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendants District Attorney Willis, District Clerk Finley, Officer Munn, Lieutenant Rodriguez, Officer Burns, Lieutenant Leahy, Lieutenant Smart, Officer Hernandez, Officer Alexander, and Officer Ray's ("Defendants") Motion to Dismiss for Want of Prosecution for Plaintiff's Failure to Provide Current Mailing Address to Court [Dkt. 113] be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed

---

[1] The Court notes that the moving Defendants have requested dismissal on other grounds, in addition to failure to prosecute, which remain pending consideration by the Court [Dkts. 61, 62, 63].

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 8th day of February, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE