IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN ALLEN KIBBEY, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 4:21-CV-00799-SDJ-CAN |
| | § | |
| COLLIN COUNTY DETENTION FACILITY, ET AL., | § § § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
ON DEFENDANT GREG WILLIS' MOTION TO DISMISS [DKT. 61]**

Pending before the Court is Defendant Greg Willis's ("Defendant" or "DA Willis") Motion to Dismiss [Dkt. 61]. After reviewing Defendant's Motion to Dismiss, and all other relevant filings, the Court recommends Defendant's Motion to Dismiss be **GRANTED**, and Plaintiff's claims against DA Willis be dismissed, as set forth herein.

BACKGROUND

On October 7, 2021, *pro se* Plaintiff Brian Allen Kibbey ("Plaintiff") initiated this lawsuit by filing his original complaint under 42 U.S.C. § 1983 [Dkt. 1]. Subsequently, Plaintiff filed four amended complaints [Dkts. 8, 10, 12, 21]. Plaintiff's Fourth Amended Complaint, filed on January 21, 2022, remains the live pleading in this matter, and names numerous Defendants, including Collin County District Attorney Greg Willis [Dkt. 21]. Plaintiff's live pleading as to DA Willis is sparse. Plaintiff alleges DA Willis "[p]rejudicially indicted knowing and with-holding evidence to exonerate" [Dkt. 21 at 5], "Greg Willis and Justin Wilson conspired to fraudulently indict plaintiff," [Dkt. 21 at 7], and "Plaintiff sent letter expressing 'Affidavit of Non-Prosecution' was in the possession of DA Greg Willis and Justin Wilson with no response given"

[Dkt. 21 at 7]. The Court is unable to discern any other factual allegations against DA Willis. The relief Plaintiff seeks from DA Willis is unclear; he asserts a right to "civil and punitive damages" in his complaint [Dkt. 21 at 8].

## MOTION TO DISMISS

On April 30, 2022, DA Willis moved to dismiss any claim(s) against him, filing a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) [Dkt. 61]. By and through the Motion to Dismiss, DA Willis asserts (1) there are no viable allegations of any direct or personal involvement by DA Willis, (2) DA Willis is entitled to Eleventh Amendment immunity, prosecutorial immunity, qualified immunity, and official immunity, (3) no claim for malicious prosecution is recognized by the Fifth Circuit, and (4) no plausible claim for conspiracy is alleged [Dkt. 61 at 2]. On May 13, 2022, Plaintiff filed "Affidavit Of Opposition For Motion To Dismiss From DA Greg Willis, DC Lynne Finley, Lt. Leahy, Lt. Rodriguez, Lt. Smart, Officer Burrs, Officer Munn, Officer Ray, Officer Hernandez, Officer Alexander" [Dkt. 90], which the Court broadly construes as a response to Defendant's Motion. On May 19, 2022, Defendant filed a reply [Dkt. 95]. Defendant's Motion to Dismiss is ripe for consideration.

The Court need not reach each of Defendant's arguments in determining dismissal is appropriate in the instant cause. The Court finds any potential § 1983 claim against DA Willis in his official capacity is precluded by Eleventh Amendment immunity, and any § 1983 claims against DA Willis in his individual capacity are barred by prosecutorial immunity.

### *Official Capacity Claims - Eleventh Amendment Immunity*

Defendant moves to dismiss Plaintiff's claims based on Eleventh Amendment immunity grounds. This presents a threshold jurisdictional question, properly analyzed under Rule 12(b)(1). *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994) (whether a government, its entities, or

its representatives in their official capacity have immunity to suit presents a threshold, jurisdictional question that courts appropriately consider on a Rule 12(b)(1) motion). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A Rule 12(b)(1) motion to dismiss allows a party to challenge the exercise of the Court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Ramming*, 281 F.3d at 161.

To the extent Plaintiff asserts a claim against DA Willis in his official capacity, DA Willis asserts the Fifth Circuit, and the Eastern District of Texas, have long recognized district attorneys are state officials entitled to Eleventh Amendment immunity [Dkt. 61 at 6]. "[T]the Eleventh Amendment creates restrictions on subject matter jurisdiction." *Sabine Pipe Line, LLC v. A Permanent Easement of 4.25 +/- Acres of Land in Orange Cnty.*, 327 F.R.D. 131, 137 (E.D. Tex. 2017) (citing *United States v. Tex. Tech Univ.*, 171 F.3d 279, 286 n.9 (5th Cir. 1999) (collecting cases), *cert. denied*, 530 U.S. 1202 (2000)). "The Eleventh Amendment bars suit in federal court by a private citizen against a state agency or a state actor in her official capacity." *Bird v. Fletcher*, No. 9:19-CV-00220-RC, 2020 WL 2951891, at *5 (E.D. Tex. May 1, 2020), *report and recommendation adopted*, No. 9:19-CV-00220-RC, 2020 WL 2944430 (E.D. Tex. June 2, 2020). More specifically, the Eleventh Amendment immunizes states, their agencies, and state officials acting in their official capacities from "any suit in law or equity, commenced or prosecuted . . . by Citizens of another State, or by Citizens or Subjects of any Foreign State" where the plaintiff seeks money damages. U.S. CONST. amend. XI; *see also Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). As Defendant advances, it is well-established that district attorneys and assistant

district attorneys sued in their official capacities are state officials, not local, for purposes of liability arising out of their prosecutorial decisions and are therefore entitled to Eleventh Amendment immunity. *Merisier v. Johnson Cnty.*, No. 4:20-cv-520-SDJ-CAN, 2021 WL 1720153, at *4 (E.D. Tex. Feb. 4, 2021), *report and recommendation adopted*, No. 4:20-cv-520-SDJ-CAN, 2021 WL 1709913 (E.D. Tex. Apr 29, 2021).[1] This Court has previously found that claims against DA Willis for money damages, in his official capacity, are barred by the Eleventh Amendment. *See Bailey v. Willis*, 417CV00276ALMCAN, 2018 WL 3321461, at *5 (E.D. Tex. Jan. 11, 2018), *report and recommendation adopted*, 4:17-CV-276, 2018 WL 2126476 (E.D. Tex. May 8, 2018) ("the Eleventh Amendment bars Plaintiff's claims under § 1983 against ... Prosecutors Willis and Wynne in their official capacities and, in any event, divests the Court of jurisdiction over same"); *Pompura v. Willis*, No. 4:16-cv-766, ECF No. 39 at 5 (E.D. Tex. Mar. 20 2017) (Priest-Johnson, J.) ("The Court finds that, to the extent that Plaintiff asserts claims against Defendant [District Attorney Willis] in his official capacity, Plaintiff's claims should be dismissed as Defendant is entitled to Eleventh Amendment immunity.") (citing *Spikes v. Phelps*, 131 F. App'x 47, 49 (5th Cir. 2005)); *Bowling v. Willis*, No. 4:18-cv-610-ALM-CAN, 2019 WL 2517090, at *5 (E.D. Tex. Apr. 2, 2019) ("[T]he Court finds Plaintiff's claims against DA Willis in his official capacity are barred by sovereign immunity"), *report and recommendation adopted*, No. 4:18-cv-610-ALM-CAN, 2019 WL 3712025 (E.D. Tex. Aug. 7, 2019).

Plaintiff argues the Eleventh Amendment does not bar his claims against DA Willis here because DA Willis has "switched out Assistant District Attorney's" from his cases resulting in

---

[1] An exception to sovereign immunity was recognized by the U.S. Supreme Court in *Ex Parte Young*, 209 U.S. 123 (1908), which permits prospective injunctive relief against state officials for ongoing federal law violations. The *Ex Parte Young* exception was designed to end continuing violations of federal law as necessary to vindicate the federal interest in assuring the supremacy of that law. *Green v. Mansour*, 474 U.S. 64, 68 (1985). As such, the *Ex Parte Young* exception does not apply to cases involving requests for purely retroactive relief: If "there is no continuing violation of federal law to enjoin in this case, an injunction is not available." *Id.*. at 71. On the present pleadings, *Ex Parte Young* does not appear to be applicable.

REPORT AND RECOMMENDATION—Page 4

prolonging his prosecution, and thus, "Greg Willis immunities should be null and void" [Dkt. 90 at 1]. In support he provides a list of case citations but fails to make clear how any of these cases are applicable to the present facts [Dkt. 90 at 3]. Plaintiff's response is devoid of any factual or legal reasoning that would overcome DA Willis's entitlement to immunity and does not alter the conclusion reached by this Court in *Bailey*, *Bowling*, or *Pompura*—Plaintiff's claims as to DA Willis, in his official capacity, are barred by immunity.[2]

*Individual Capacity Claims – Prosecutorial Immunity*

DA Willis urges that any individual capacity claims against him are similarly barred by the doctrine of prosecutorial immunity. When considering a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010); *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005). To survive a Rule 12(b)(6) motion to dismiss, a complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 127 S.Ct. 1955, 1965-66 n. 5 (2007). The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009). DA Willis contends Plaintiff cannot meet this standard because a prosecuting attorney who acts within the scope of his or her duties in initiating and pursuing a criminal prosecution and presenting the government's case is absolutely immune from damages in a civil suit. *Singleton v. Cannizzaro*, 956 F.3d 773, 779 (5th Cir. 2020) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)) ("[A] state prosecutor who acts "within the scope of his duties in initiating and pursuing a

---

[2] This leaves any claims against DA Willis in his individual capacity, to the extent Plaintiff asserts any. *See Glatfelter v. City of Paris*, No. 4:16-CV-00938, 2017 WL 2857690, at *3 (E.D. Tex. May 31, 2017) (considering arguments made under Rule 12(b)(6) in the alternative after finding the Court lacked jurisdiction under Rule 12(b)(1)), *report and recommendation adopted*, No. 4:16-CV-00938, 2017 WL 2834699 (E.D. Tex. June 30, 2017).

criminal prosecution" is absolutely immune from § 1983 claims for violating a 'defendant's constitutional rights.").

Plaintiff wholly fails to respond to DA Willis's argument that he is entitled to prosecutorial immunity. Plaintiff makes no allegations that DA Willis acted outside of the scope of his authority as a prosecutor. Indeed, a review of the live pleading reflects that Plaintiff's complaints about DA Willis, his alleged possession of an affidavit of non-prosecution and indictment of Plaintiff in Collin County, are all prosecutorial functions. Under existing law, absolute immunity protects prosecutors from civil rights claims for acts within the scope of their prosecutorial duties even when they act maliciously, wantonly, or negligently (as Plaintiff seemingly contends DA Willis has). *Singleton,* 956 F.3d at 780 (quoting *Cousin v. Small*, 325 F.3d 627, 632 (5th Cir. 2003)) ("[P]rosecutors are absolutely immune even for 'willful or malicious prosecutorial misconduct … if it occurs in the exercise of their advocatory function.'"); *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985) (holding prosecutors were immune from claims alleging they improperly presented evidence to a grand jury). To be clear, "[p]rosecutorial immunity []applies even if the prosecutor is accused of knowingly using perjured testimony, withholding exculpatory evidence, and failing to make full disclosures of facts. State prosecutors are absolutely immune for their actions intimately associated with the judicial process…" *Parsons v. Thompson*, No. 3:17-CV-1796-G-BN, 2017 WL 3279366, at *1 (N.D. Tex. July 11, 2017) (citation omitted) (Horan, J.), *report and recommendation adopted*, No. 3:17-CV-1796-G (BN), 2017 WL 3278911 (N.D. Tex. Aug. 1, 2017); *see also Harvey v. Montgomery Cnty.,* No. CIV. 11-CV-1815, 2012 WL 12530, at *7 (S.D. Tex. Jan. 3, 2012) ("[T]he claims concerning charges filed against [the plaintiff] fall squarely within the scope of prosecutorial immunity because they concern [the district attorney's] decisions about whether to initiate, investigate, or pursue a criminal prosecution.").

This Court, and other courts in this Circuit, have found repeatedly that DA Willis is entitled to prosecutorial immunity under similar facts to those present here where all actions allegedly taken by DA Willis involved his role as a prosecutor. *Bowling*, 2019 WL 2517090, at *7 ("As to all claims alleged against DA Willis, the acts identified in Plaintiff's complaint were performed in the scope of his prosecutorial functions"); *Bailey*, 2018 WL 3321461, at *7; *Burgess v. Rivera Worley*, No. 4:17-cv-782, 2018 WL 7137970, at *5-6 (E.D. Tex. Dec. 18, 2018) ("Plaintiff makes no allegation that these Defendants acted outside of the scope of their authority as criminal prosecutors. It thus appears that … Prosecutor Greg Willis … [has] absolute immunity against Plaintiff's claims."), *report and recommendation adopted*, No. 4:17-cv-782, 2019 WL 342152 (E.D. Tex. Jan. 28, 2019); *Hazlett v. Willis*, No. 2:19-cv-061, 2022 WL 2053180, at *2 (N.D. Tex. June 7, 2022) ("Defendants Willis, Singletary, and Hopkins are state prosecutors entitled to immunity from suit from these allegations"). Plaintiff's claims as to DA Willis, in his individual capacity, are barred by immunity.[3]

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that is Defendant Greg Willis Motion to Dismiss and Brief [Dkt. 61] be **GRANTED**. Plaintiff's claims against DA Willis should be **DISMISSED**.[4]

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific

---

[3] Many of DA Willis's remaining arguments have merit; as earlier noted, the Court need not reach each of them herein to recommend dismissal. However, the Court does refer to its prior opinion in *Bowling*, No. 4:18-cv-610, ECF No. 103, 2019 WL 2517090, regarding DA Willis's entitlement to dismissal for a discussion and analysis regarding the additional grounds urged.

[4] Plaintiff's claims are subject to dismissal without prejudice under Eleventh Amendment immunity. Plaintiff's claims are subject to dismissal with prejudice for application of prosecutorial immunity.

finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 22nd day of February, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE