# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| BRIAN ALLEN KIBBEY, § § Plaintiff, § v. § § COLLIN COUNTY DETENTION § FACILITY, ET AL., § § Defendants. § § | CIVIL ACTION NO. 4:21-CV-799-SDJ-CAN |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
## ON DEFENDANT LYNNE FINLEY'S MOTION TO DISMISS [DKT. 62]

Pending before the Court is Defendant Lynne Finley's ("Defendant" or "District Clerk Finley") Motion to Dismiss and Brief [Dkt. 62]. After reviewing Defendant's Motion to Dismiss, and all other relevant filings, the Court recommends Defendant's Motion to Dismiss be **GRANTED**, and Plaintiff's claims against District Clerk Finley be dismissed, as set forth herein.

## BACKGROUND

On October 7, 2021, *pro se* Plaintiff Brian Allen Kibbey ("Plaintiff") initiated this lawsuit by filing his original complaint under 42 U.S.C. § 1983 [Dkt. 1]. Subsequently, Plaintiff filed four amended complaints [Dkts. 8, 10, 12, 21]. Plaintiff's Fourth Amended Complaint, filed on January 21, 2022, remains the live pleading in this matter, and names numerous Defendants, including Collin County District Clerk Lynne Finley [Dkt. 21]. The only references to actions taken by District Clerk Finley are that she is "being investigated for fraud and still performing duties possibly fraudulent," [Dkt. 21 at 5] and "Lynne Finley being investigated for fraud indicted plaintiff" [Dkt. 21 at 7]. This represents the totality of the allegations against District Clerk Finley. The Court is unable to discern any other factual allegations against District Clerk Finley.

## MOTION TO DISMISS

On April 30, 2022, Defendant filed the present Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) [Dkt. 62].  By and through the Motion, Defendant asserts several grounds for dismissal, including (1) lack of standing, (2) failure to plead any plausible claims against District Clerk Finley, (3) absolute quasi-judicial immunity and (4) qualified immunity.  On May 13, 2022, Plaintiff filed "Affidavit Of Opposition For Motion To Dismiss From DA Greg Willis, DC Lynne Finley, Lt. Leahy, Lt. Rodriguez, Lt. Smart, Officer Burrs, Officer Munn, Officer Ray, Officer Hernandez, Officer Alexander" [Dkt. 90], which the Court broadly construes as a response to Defendant's Motion.  On May 19, 2022, Defendant filed a reply [Dkt. 97].  Defendant's Motion to Dismiss is ripe for consideration.

The Court need not reach each of Defendant's arguments in determining dismissal is appropriate in the instant cause.  The Court finds Plaintiff has failed to plead any plausible claims against District Clerk Finley, and further that she is entitled to quasi-judicial immunity.

## LEGAL STANDARD

When considering a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff.  *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010); *Ballard v. Wall*, 413 F.3d 510, 514 (5th Cir. 2005).  A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability."  *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 127 S.Ct. 1955, 1965-66 n. 5 (2007).  The complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct.

1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  Although detailed factual allegations are not necessary, a "plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 1964-65 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)).  "[W]here well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.' "  *Id*. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

## ANALYSIS

*No Plausible Claims Against District Clerk Finley*

Defendants are entitled to proper notice of the claims brought against them.  *See Pompura v. Willis*, No. 4:16-cv-766, ECF No. 39 at 5 (E.D. Tex. Mar. 20, 2017) ("[A] § 1983 claim requires personal involvement in acts causing the deprivation of a Plaintiff's constitutional rights.") (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)).  As to each defendant sued in his or her individual capacity, Plaintiff must allege how that defendant was personally involved in or had direct responsibility for the incidents that caused Plaintiff's alleged injury.  *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992) ("[A] plaintiff bringing a section 1983 action must specify the personal involvement of each defendant.").  Even broadly construing Plaintiff's pleadings, Plaintiff does not raise any factual allegations of any individualized conduct taken by District Clerk Finley in his live pleading.  It is unclear why Plaintiff has sued District Clerk Finley, other than she was the District Clerk of Collin County at the time Plaintiff was indicted.  Plaintiff alleges District Clerk Finley is "being investigated for fraud and still performing duties possibly

fraudulent," [Dkt. 21 at 5] and "Lynne Finley being investigated for fraud indicted plaintiff" [Dkt. 21 at 7]. There are no details provided by Plaintiff how any such investigation into District Clerk Finley is relevant to the prosecution pending against him in state court. Plaintiff fails to state a plausible claim for relief against District Clerk Finley. *See Fountain v. Thomas*, No. 6:22-cv-00431, 2023 WL 2058692, at *2 (E.D. Tex. Jan. 10, 2023) (finding plaintiff had not stated a plausible § 1983 claim where he failed to factually allege how his constitutional rights were violated), *report and recommendation adopted*, No. 6:22-cv-00431, 2023 WL 2054274 (E.D. Tex. Feb. 16, 2023); *see also Shelton v. Murphree*, No. 4:20-cv-453, 2022 WL 18491910, at *5 (E.D. Tex. Dec. 23, 2022), *report and recommendation adopted*, No. 4:20-cv-453, 2023 WL 425388 (E.D. Tex. Jan. 25, 2023).

*Absolute Quasi-Judicial Immunity*

District Clerk Finley argues that she is also entitled to absolute quasi-judicial immunity because Plaintiff has not and cannot demonstrate that she took actions that were not under court order, or according to court rules, or at a judge's discretion [Dkt. 62 at 5-6]. As the undersigned has outlined previously, quasi-judicial immunity is an affirmative defense, that "protects government officials who perform functions that require them to act in accordance with a judge's direct orders." *Marshall v. Abbott*, No. 4:21-cv-384-SDJ-CAN, Dkt. No. 103, 2022 WL 660798, at *12 (E.D. Tex. Feb. 13, 2022) (citing *Santoro v. Cnty. of Collin*, No. 4:18-CV-00660-ALM-CAN, 2019 WL 5692190, at *7 (E.D. Tex. Aug. 16, 2019), *report and recommendation adopted*, No. 4:18-CV-660, 2019 WL 4686361 (E.D. Tex. Sept. 26, 2019)). "Court clerks 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion.'" *Id*. (citing *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001) (quoting *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981)).

As referenced in connection with finding Plaintiff has asserted no plausible claims against District Clerk Finley, it is unclear why Plaintiff has sued District Clerk Finley, other than she was the District Clerk of Collin County at the time Plaintiff was indicted. Again, there are no details provided by Plaintiff how any investigation into District Clerk Finley is relevant to the prosecution pending against him in state court; and Plaintiff's Response does not provide much more in the way of clarity [Dkt. 90]. The only reference to District Clerk Finley made in Plaintiff's response is:

> DISTRICT CLERK LYNNE FINLEY #00791508 has been accused and is being investigated for FRAUDULENTLY stamping indictments as she was in Mexico for six (6) months and could not stamp indictments. Violations of Title 18 USCS § 1002 (Possession of False Papers to Defraud the United States).
>
> Therefore, LYNNE FINLEY immunities should be null and void.

[Dkt. 90 at 1]. Even Broadly construing Plaintiff's filings to find he has included District Clerk Finley in his suit because her office is responsible for "stamping indictments" received from the grand jury, would result in a recommendation for dismissal. As this Court has found before, District Clerk Finley is "entitled to quasi-judicial immunity for such acts." *Marshall,* 2022 WL 660798, at *12 (citing *Davis v. Weatherford Mun. Ct.*, No. 4:19-CV-00502-P-BP, 2019 WL 7484130, at *4 (N.D. Tex. Dec. 20, 2019) (the Texas Government Code specifically provides that a municipal clerk is charged by law to "keep minutes of the proceedings of the court, issue process, and generally perform the duties for the municipal court that a county clerk performs for a county court." TEX. GOV'T CODE § 29.010), *report and recommendation adopted*, No. 4:19-CV-00502-P-BP, 2020 WL 59511 (N.D. Tex. Jan. 6, 2020); then citing *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 643 (N.D. Tex. 2007) (dismissing claims against a state court clerk under Rule 12(b)(6) to the extent that the plaintiff intended to attack the clerk's "performance of official duties")), *report*

*and recommendation adopted*, No. 4:21-cv-384-SDJ-CAN, 2022 WL 659180 (E.D. Tex. Mar. 4, 2022).

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendant Lynne Finley's Motion to Dismiss and Brief [Dkt. 62] be **GRANTED** and Plaintiff's claims against District Clerk Finley be dismissed be **DISMISSED WITH PREJUDICE** as set forth herein.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 22nd day of February, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE