IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRIAN ALLEN KIBBEY, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 4:21-CV-799-SDJ-CAN |
| v. | § § | |
| COLLIN COUNTY DETENTION FACILITY, ET AL., | § § § § | |
| Defendants. | § § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
ON DEFENDANT SOUTHWEST CORRECTIONAL MEDICAL GROUP, PLLC'S
RULE 12(B)(6) MOTION TO DISMISS [DKT. 95]**

Pending before the Court is Defendant Southwest Correctional Medical Group, PLLC's 12(b)(6) Motion to Dismiss [Dkt. 95]. After reviewing Defendant's Motion to Dismiss, and all other relevant filings, the Court recommends Defendant's Motion to Dismiss be **GRANTED**, and Plaintiff's claims against Defendant be **DISMISSED**, as set forth herein.

## BACKGROUND

On October 7, 2021, *pro se* Plaintiff Brian Allen Kibbey ("Plaintiff") initiated this lawsuit by filing his original complaint under 42 U.S.C. § 1983 [Dkt. 1]. On the same day, Plaintiff filed a Motion to Proceed *In Forma Pauperis* [Dkt. 3], which the Court granted [Dkt. 5]. Subsequently, Plaintiff filed four amended complaints [Dkts. 8, 10, 12, 21]. Plaintiff's Fourth Amended Complaint, filed on January 21, 2022, remains the live pleading in this matter, and names numerous Defendants, including Southwest Correctional Medical Group, PLLC ("Defendant" or "SWCMG"), who manages the provision of healthcare to inmates in Collin County [Dkt. 21].[1]

---

[1] Defendant's Motion advises that SWCMG was improperly named in Plaintiff's live pleading as Wellpath Care [Dkt. 95 at 1], as "[t]he entity that contracts with the County to provide medical care at Collin County Detention

In his Fourth Amended Complaint, Plaintiff provides a list of "violations" for which he believes SWCMG is liable, including: on April 7, 2021, "Plaintiff had a panic attack and [Defendant] wanted to put [P]laintiff on suicide watch and lock [P]laintiff up" [Dkt. 21 at 7]; on June 21, 2021, Plaintiff expressed to Defendant "serious pain due to excessive force and never saw the doctor" [Dkt. 21 at 7]; "Officer Dockery confirmed that [a representative of Defendant's] discussed Plaintiff's medical history without his consent" [Dkt. 21 at 7]; on November 25, 2021, Defendant "was grieved for not properly checking Plaintiff's blood work due to Depakote (bipolar 1) medication" [Dkt. 21 at 8]; on November 29, 2021, "Greg Roberts expressed [P]laintiff's claim of HIPAA violation to Mr. Nevarez" [Dkt. 21 at 8]; on December 4, 2021, "Nurse Kim allowed inmate to call out names on med pass list" [Dkt 21 at 8]; on December 2, 2021, "Nurse Tammy was not giving [P]laintiff proper medication to which [Defendant] claimed it just didn't come from a blister pack" [Dkt. 21 at 8]; on December 15, 2021, "[d]ay shift nurse forged [Plaintiff's] signature when [P]laintiff requested to her and Officer Burns he wanted to sign it himself" [Dkt. 21 at 8]; on December 16, 2021, Defendant refused to see Plaintiff about back problems [Dkt. 21 at 8]; and on January 9, 2022, "under duress was forced to give TB shot" [Dkt. 21 at 8]. This is the totality of the allegations made against SWCMG in Plaintiff's live pleading.

## MOTION TO DISMISS

On May 19, 2022, SWCMG filed a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6) [Dkt. 95].[2] By and through the Motion to Dismiss, SWCMG asserts

---

Facility is not 'Wellpath Care,' but Southwest Correctional Medical Group[,] PLLC." [Dkt. 94 at 1]. The true relationship between Wellpath and Southwest is unclear, different representations have been made to the Court in various civil cases pending in the Eastern District of Texas involving this/these entities. *See, e.g.*, *Kent v. Collin Cnty.*, No. 4:21-cv-412-SDJ, 2022 WL 949963, at *1 n.1 (E.D. Tex. Mar. 29, 2022).

[2] The Court issued a Show Cause Order in this matter on March 10, 2022 [Dkt. 26] and summons was issued to Wellpath Care the following day [Dkt. 40]. Summons was returned executed as to Wellpath Care on April 6, 2022 [Dkt. 87]. On May 19, 2022, SWCMG filed a Motion for Leave to File Responsive Pleading [Dkt. 94] stating that service was defective because it was as to the wrong entity; notwithstanding, SWCMG sought to file the present

REPORT AND RECOMMENDATION – Page 2

(1) Plaintiff has failed to state a § 1983 claim against SWCMG as he cannot establish *Monell* liability or deliberate indifference and (2) to the extent Plaintiff alleges a claim under the Health Insurance Portability and Accountability Act ("HIPAA"), the Court should also dismiss such claim as there is no private cause of action under HIPAA [Dkt. 95 at 4-7]. On July 18, 2022, Plaintiff untimely filed an "Affidavit Of Opposition of Motion to Dismiss" [Dkt. 106]. Plaintiff's Response does not substantively address Defendant's contentions [Dkt. 106].

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss argues that the complaint fails to assert facts that give rise to legal liability of the defendant. FED. R. CIV. P. 12(b)(6). The Federal Rules of Civil Procedure require that each claim in a complaint include "a short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The claims alleged by Plaintiff must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

> To withstand a motion to dismiss under Rule 12(b)(6), a complaint must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail. Facts that only conceivably give rise to relief don't suffice. Thus, though we generally take as true what a complaint alleges, we do not credit a complaint's legal conclusions or threadbare recitals of the elements of a cause of action.

*Smith v. Heap*, 31 F. 4th 905, 910 (5th Cir. 2022) (quoting *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021)). Although a *pro se* plaintiff's pleadings must be read more liberally than those filed by an attorney, the complaint must nonetheless allege sufficient facts to demonstrate to the court that the plaintiff has at least a colorable claim. *See Bustos v. Martini Club, Inc.*, 599 F.3d 458, 465-66 (5th Cir. 2010).

---

Motion. The Court granted Defendant's Motion for Leave deeming their Motion to Dismiss [Dkt. 95] filed properly before the Court [Dkt. 101].

## ANALYSIS

### *Section 1983 Generally*

Plaintiff, by and through his complaint, alleges that SWCMG denied him or provided him insufficient medical care while in county jail. Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. "Section 1983 is not a general tort remedy available to 'all who suffer injury at the hands of the state or its officers.'" *Waddleton v. Rodriguez*, 750 F. App'x 248, 252 (5th Cir. 2018) (per curiam) (quoting *White v. Thomas*, 660 F.2d 680, 683 (5th Cir. 1981)). To state a claim under § 1983, "'a plaintiff must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States.'" *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 241 (5th Cir. 2021) (per curiam) (quoting *Bryant v. Mil. Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010)).

### *Section 1983* **Monell** *Claims*

A private company, such as SWCMG, that has been contracted to provide medical services for a county jail "is treated as a municipal or local government entity for the purposes of 42 U.S.C. § 1983, and, therefore, claims against such a company are analyzed as '*Monell*' claims." *Guillotte v. Knowlin*, 21-1422, 2021 WL 7632004, at *2 (E.D. La. Dec. 7, 2021), *report and recommendation adopted*, 21-1422, 2022 WL 355509 (E.D. La. Feb. 7, 2022). "A municipality or other local government may be liable under [§ 1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 692 (1978)). Importantly, "under § 1983, local governments are responsible only for 'their own illegal acts.'" *Id*. (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). Municipalities

cannot be found "vicariously liable under § 1983 for their employees' actions." *Id*. Thus, to establish SWCMG's liability under § 1983, Plaintiff must demonstrate "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Kent*, 2022 WL 949963, at *5 (quoting *Valle v. City of Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010)). "The requirement of a policymaker, an official policy, and the 'moving force' of the policy, serve to distinguish individual violations by government healthcare contractor employees from those that can be fairly considered actions of the government health contractor itself." *Woodward v. Lopinto*, No. 18-4236, 2021 WL 1969446, at *5 (E.D. La. May 17, 2021) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). Importantly, to adequately plead a policy or custom, the specific policy must be identified; it may not be inferred "merely because harm resulted from some interaction with a governmental entity." *Guillotte*, 2021 WL 7632004, at *2 (quoting *Colle v. Brazos Cnty.*, 981 F.2d 237, 245 (5th Cir. 1993)); *Banks v. Howard Cnty.*, No. 1:19-cv-217, 2020 WL 5038613, at *4 (N.D. Tex. Aug. 26, 2020) (quoting *Ratliff v. Aransas Cnty.*, 948 F. 3d 281, 285 (5th Cir. 2020)) (to adequately plead a policy or custom, the plaintiff must do more than describe the incident giving rise to his injury).

Plaintiff's Fourth Amended Complaint falls short of stating a *Monell* claim against SWCMG. Plaintiff makes no reference to any policy that deprived him of a constitutional right. Indeed, beyond conclusory allegations of negligent medical care, Plaintiff does not include any reference to a policy or custom that resulted in this medical care. For this reason alone, the Court should dismiss Plaintiff's § 1983 claim against SWCMG. *Bone v. Skinner*, No. 4:21-cv-00201-RAS-CAN, 2022 WL 912100, at *8 (E.D. Tex. Feb. 24, 2022) (granting motion to dismiss where plaintiff failed "to identify any policy or practice of Collin County related to his specific allegations

or to the medical policies at CCDF"), *report and recommendation adopted*, No. 4:21-cv-00201-RAS-CAN, 2022 WL 906191 (E.D. Tex. Mar. 27, 2022); *see also Jenkins v. LaSalle Sw. Corr.*, No. 3:17-CV-1376-M-BN, 2020 WL 2106355, at *3 (N.D. Tex. Jan. 28, 2020) ("Plaintiff fails to allege that his rights were violated under an official policy of either LaSalle or Johnson County, he has not alleged a plausible claim against the defendants or their policymakers."), *report and recommendation adopted*, No. 3:17-CV-1376-M, 2020 WL 2105842 (N.D. Tex. Apr. 30, 2020); *see also Banks*, 2020 WL 5038613, at *4 (granting defendants' motion to dismiss where, even though the complaint "asserts that there was a pattern of inadequate medical care[,] … Vague conclusory allegations such as these do not allow the Court to plausibly infer the existence of a practice or custom so widespread to have the force of law"); *see also Guillotte*, 2021 WL 7632004, at *2 (dismissing § 1983 claims against prison medical provider where plaintiff "does not allege that his constitutional rights were violated as a result of a policy or custom, much less does he identify such a policy or custom"); *Richardson v. Plaquemines Par. Det. Ctr.*, No. 19-10926, 2020 WL 5217017, at *5 (E.D. La. Aug. 12, 2020) (dismissing § 1983 claims against prison medical provider where plaintiff did not allege any policy or custom that was involved with his alleged injury), *report and recommendation adopted*, No. 19-10926, 2020 WL 5209302 (E.D. La. Sept. 1, 2020).

### *Deliberate Indifference Claims*

Plaintiff's § 1983 claims against SWCMG are subject to dismissal for an additional reason. As a pre-trial detainee to succeed on a denial of adequate medical care claim, Plaintiff must show SWCMG was deliberately indifferent to his serious medical needs. "In the context of claims based on denial of adequate medical care, demonstrating deliberate indifference requires evidence that prison officials 'refused to treat [the prisoner], ignored his complaints, intentionally treated him

incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Rogers v. Hierholzer*, 857 F. App'x 831, 832-33 (5th Cir. 2021) (quoting *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006)). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert*, 463 F.3d at 345 n.12. "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Id.* at 346. "Deliberate indifference is an extremely high standard to meet," requiring "a degree of culpability beyond mere negligence or even gross negligence; it must amount to an intentional choice." *Id*. Notably, "deliberate indifference exists wholly independent of an optimal standard of care." *Id*.

The allegations made in the Fourth Amended Complaint do not rise to the level of deliberate indifference. Plaintiff makes broad accusations that Defendant failed to see him for back problems, did not check his bloodwork, and did not give him proper medication [Dkt. 21 at 7-8]. Besides the fact that Plaintiff's allegations are made with no specificity, contentions like Plaintiff's that amount to a mere disagreement with the speed, quality or extent of medical treatment do not give rise to a § 1983 claim. *See Patterson v. Orleans Par. Dist. Atty. Office*, Civ. A. No. 06-7322, 2007 WL 5063238, at *18 (E.D. La. Apr. 16, 2007). It is well-settled that a plaintiff's disagreement with the medical treatment provided simply does not constitute deliberate indifference. *See Guillotte*, 2021 WL 7632004, at *3 ("neither negligent treatment nor Plaintiff's disagreement with the medical treatment provided to him rise to the level of a constitutional violation"); *see also Gibson v. Collier*, 920 F.3d 212, 220 (5th Cir. 2019) ("There is no Eighth Amendment claim just because an inmate believes that 'medical personnel should have attempted

different diagnostic measures or alternative methods of treatment.'"); *see also Brown v. Crowe*, No. 7:17-cv-00096, 2018 WL 4922448, at *5 (N.D. Tex. Sept. 25, 2018) ("disagreement with his course of treatment, without exceptional circumstances that do not exist in the instant case, does not establish deliberate indifference"), *report and recommendation adopted*, No. 7:17-cv-00096, 2018 WL 4913830 (N.D. Tex. Oct. 10, 2018); *see also Morgan v. Tex. Dep't of Criminal Justice McConnell Unit*, 537 Fed. Appx. 502, 507 (5th Cir. 2013) (per curiam) (explaining that "[w]hile prescribing incorrect treatments or treatments that cause serious side effects might amount to malpractice, this allegation, without a further showing of deliberate indifference to serious medical needs, does not rise to the level of a constitutional violation"). Plaintiff's § 1983 claims against SWCMG should be dismissed with prejudice.

### *HIPAA*

To the extent Plaintiff attempts to bring any claims under HIPAA, the Court also recommends dismissal under 12(b)(6). HIPAA provides that "[a] person who knowingly … discloses individually identifiable health information to another person" without authorization shall be fined, imprisoned, or both. 421 U.S.C. § 1320d-6(a)(3) & (b). However, HIPAA does not create a private cause of action. *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) ("We hold there is no private cause of action under HIPAA and therefore no subject matter jurisdiction over Acara's asserted claims."); *Hyde v. Tom S. Whitehead, Inc.*, A-22-CV-252, 2022 WL 1468325, at *2 (W.D. Tex. May 9, 2022) (citing *Acara*, 470 F.3d at 572) ("There is no private cause of action under HIPAA; therefore, the Court lacks subject matter jurisdiction over this claim."); *McCalley v. Methodist Southlake Hospital*, No. 4:18-cv-478, , 2022 WL 893548, at *5 (E.D. Tex. Feb. 22, 2022), *report and recommendation adopted*, No. 4:18-cv-478, 2022 WL 889939 (E.D. Tex. Mar. 25, 2022). Rather, the HIPAA statute specifically delegates enforcement authority to the Secretary

of the U.S. Department of Health and Human Services.  *Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020).  As such, Plaintiff's HIPAA claim should be dismissed.

## CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the Court recommends that Defendant Southwest Correctional Medical Group, PLLC's 12(b)(6) Motion to Dismiss [Dkt. 95] be **GRANTED** and *pro se* Plaintiff Brian Allen Kibbey's claims against SWCMG, alleged to be improperly identified as Wellpath Care, be **DISMISSED.**

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 1st day of March, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE